# Gamble *v.* Whitehead.

*Action against Administrator, for Money Collected by Intestate.*

94  335¹
108  658

94  335
126  387

94  335
131  442

1. *Testimony of party as to transaction with deceased person.*—In an action against an administrator, to recover money collected by his intestate on a note alleged to have been placed in his hands by plaintiff for collection, the defense being that the note in fact belonged to the intestate himself, the plaintiff may be asked "whether she had received anything for said note," and may answer that she had not. Such testimony is not within the statutory exception (Code, § 2765) excluding the testimony of a party "as to any transaction with, or statement by any deceased person, whose estate is interested in the result of the suit."

APPEAL from the Circuit Court of Henry.
Tried before the Hon. JESSE M. CARMICHAEL.

J. G. COWAN, for appellant.

WALKER & ESPY, *contra.*

STONE, C. J.—This action was brought by the appellee, to recover money alleged to have been collected by appellant's intestate on a note delivered to him by plaintiff for collection. The defense interposed was, that defendant's intestate owned the note. The single question presented on this appeal brings before us the ruling of the Circuit Court upon certain evidence. On the introduction of the plaintiff as a witness in her own behalf, she was asked, "Whether she had ever received any thing for the said note?" The defendant objected to this question, on the ground that it called for testimony as to a transaction with a deceased person—defendant's intestate. The defendant duly excepted to the overruling of this objection, and he also reserved an exception to the overruling of his motion to exclude from the jury the answer of plaintiff, in which she testified that "she had never received any thing on said note."

The statute which relieves parties to civil suits from disability to testify on account of interest, has engrafted upon it an exception, "that neither party shall be allowed to testify against the other, as to any transaction with, or statement by any deceased person, whose estate is interested in the result

[Gamble v. Whitehead.]

of the suit or proceeding."—Code of 1886, § 2765. The con-struction of this prohibition has evoked many decisions from this court; and for a long while there was more or less trouble to know the correct and full sweep of the exception. The rule deducible from the prohibitory clauses of the statute copied above is declared in *Miller v. Cannon*, 84 Ala. 59, in the following language: "When the case falls expressly within either of the exceptions for which the statute makes provision, neither a party to the record, nor any one else having a vested pecuniary interest in the result of the suit, can testify against the estate of a deceased party, *first*, as to [that is, directly re-lating to] any transaction with, or statement by the deceased, involved in the issue on trial; *second*, that testimony whose direct office and purpose are to corroborate or weaken, strengthen or rebut, other evidence given of such transaction with, or statement by decedent, is equally within the reason and spirit of the prohibition. . . When, however, the testi-mony does not relate directly to, nor shed any direct light on some transaction with, or statement by the deceased adver-sary, then the prohibition does not apply."—*Tisdale v. Max-well*, 58 Ala. 40; *McCrary v. Rash*, 60 Ala. 374; *Ala. G. L. Ins. Co. v. Sledge*, 62 Ala. 566; *Boykin v. Smith*, 65 Ala. 294; *Killen v. Lide*, Ib. 505; *Dismukes v. Tolson*, 67 Ala. 386; *Wood v. Brewer*, 73 Ala. 259; *Goodlet v. Kelly*, 74 Ala. 213.

The application of these rules to the facts of the case at bar is decisive of the question we have in hand. The question asked the witness is too general to fall within the exception under consideration. To come within the prohibitory force of the exception, the testimony sought to be introduced must re-late directly to some transaction with, or statement by the deceased adversary. It is not enough that an inference that could be drawn from such testimony would affect the estate of the deceased person. It is only by an inference drawn from the answer of the witness that one could conclude that defendant's intestate had never received the note for collec-tion, or had never paid plaintiff any thing for said note. Neither the question nor the answer relates directly to, or sheds any direct light upon any transaction with, or statement by defendant's intestate. As well hold that plaintiff, as a wit-ness, could not testify that she owned the note, because such testimony would inferentially contradict the defense inter-posed. And yet the ownership of the note is the basis of the right of recovery by plaintiff. To hold that testimony of the character introduced in this case falls within the bar of the exception, would be to turn a rule, whose beneficent purpose

[Goree v. Clements.]

and policy were to protect estates of deceased persons from false claims and imposition, into a means of avoiding the payment of honest debts.

The Circuit Court did not err in its rulings upon the evidence.

Affirmed.