156 So. 841

### HUNT et al. v. MURDOCK.

### 8 Div. 599.

Supreme Court of Alabama.

Oct. 11, 1934.

J. A. Lusk, of Guntersville, for appellants.

McCord & McCord, of Gadsden, for appellee.

GARDNER, Justice.

The suit is by the plaintiff against the executors of the estate of A. J. Hunt, deceased, seeking a recovery of $1,000 for services rendered to decedent and his wife for the fourteen years next preceding his death. The trial court limited any recovery to services for the last six years, and plaintiff was awarded a judgment on the verdict of the jury in the sum of $82.90.

■ The complaint contained all substantial requirements (vol. 4, Code 1923, § 9531, Form 10), and, if lacking in any technical formality, it is sufficient to say the point was not taken by any assignment of demurrer addressed thereto.

■ If there was any reason, in qualifying the jury, that they should be asked if indebted in any way to the National Bank of Boaz, it is not made to here appear. No juror, however, was so indebted. There is nothing before us to indicate that the question was of any prejudicial character, and we find nothing in this matter which would justify a reversal of the cause. J. B. McCrary v. Phillips, 222 Ala. 117, 130 So. 805.

■ Plaintiff testified to no transaction with or statement by deceased, but only to the collateral fact that services were rendered. This did not violate any provision of our statute. Section 7721, Code 1923; Warten v. Black, 195 Ala. 93, 70 So. 758.

The agreement on decedent's part to pay for the services was established by testimony of another witness whose competency cannot be seriously questioned.

■ The claim filed against the estate contained essential requirements of our statute (section 5818, Code 1923), and was sufficient. Metcalf v. Payne, 214 Ala. 81, 106 So. 496. There was proof of services rendered, the reasonable value thereof, and agreement on the part of decedent to pay for the same, as well as due presentation of the claim. Plaintiff therefore made out a case for the jury's consideration, and the affirmative charge was properly refused.

■ We have discussed those matters of substantial merit presented by the record. The few remaining questions have been duly considered in consultation, and a detail treatment deemed unnecessary. Suffice it to say that, conceding, without deciding, error in relation to any of them, it was clearly such as to in no manner prejudicially affect any substantial rights of the defendants, and would not justify a reversal of the cause.

The issues of fact were plainly presented to the jury, and the cause appears to have been fairly tried upon its merits. No reversible error appearing, the judgment will be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes