200 So. 886

**JONES v. BELUE.**

**8 Div. 98.**

Supreme Court of Alabama.

Feb. 27, 1941.

Rehearing Denied March 27, 1941.

Edw. Goodrich and Thos. G. Steele, both of Athens, for appellee.

GARDNER, Chief Justice.

This suit is against C. R. Jones, as administrator of the estate of W. T. Jones, deceased, and seeks recovery for services rendered by plaintiff as physician under common counts of work and labor done, open account and account stated. Upon trial of the cause before the court without a jury there was judgment for plaintiff, though for less sum than sued for, and defendant appeals.

It is first insisted the account filed in the probate office was too indefinite to meet the requirements of our statute and decisions; and of consequence improperly admitted in evidence. Of course it is understood that the certainty of description essential in pleading is not required, though the statement must, of itself, be sufficient to inform the personal representatives upon an inspection of it, of the nature, character and amount of the liability it imports, and must distinguish it with reasonable certainty from all similar claims. Floyd v. Clayton, 67 Ala. 265; Hunt v. Murdock, 229 Ala. 277, 156 So. 841; Watson v. Hamilton, 210 Ala. 577, 98 So. 784.

Speaking to this subject we observed in Roberts v. Grayson, 233 Ala. 658, 173 So. 38, 40, that "the law is designed for practical purposes and looks to practical ends". Whatever uncertainty may be said to appear in the statement itself is made plain and unmistakable in the sworn statement attached thereto (Watson v. Hamilton, supra), and the practical purpose of the law is fully met. Indeed the statement alone (though the dollar mark be omitted), we are inclined to think sufficed for all purposes. But considered in connection with the attached affidavit all question of doubt is removed. No error here appears.

Plaintiff introduced his account books of original entries and testified to the correctness as therein shown. That the proof sufficed to admit this account book of original entries in evidence if section 7701, Code of 1923, may be said to apply thereto, does not appear to be seriously questioned. But defendant insists the matter is controlled by Section 7671, Code of 1923, applicable only to physicians and a part of the code long before the enactment of Section 7701, and the provisions therein cannot here apply because defendant had denied "on oath the truth of such entries".

It is clear enough the change made in the re-enactment of what was Section 4003, Code of 1907 and now Section 7701, Code of 1923, was for the purpose of meeting the strict requirements of the rule as recognized in Loveman, Joseph & Loeb v. McQueen, 203 Ala. 280, 82 So. 530.

Under Section 7671, Code of 1923, the physician had long been given a rather preferential status in regard to proof of such original entries, though subject to be defeated by the sworn denial of the defendant. Here defendant argues this latter Section (7671), must control, thereby placing the physician in a less favorable position than the merchant, shopkeeper and the like. But such was not the legislative intent for in the more recent statute (7701), the physician is included along with the rest.

■■ We must conclude, therefore, as did the court below, the later statute (Section 7701) supersedes the former. Plaintiff testified that many names in the original book entries were tenants on the farm of decedent and explained also the letter "V" as found in the accounts meant "visits". Testimony of such collateral facts did not come within the prohibitions of Section 7721, Code of 1923 (Warten v. Black, 195 Ala. 93, 70 So. 758; Hunt v. Murdock, supra), and there was no error in the rulings in that regard.

■ The judgment was a general one with reference to no particular count. For the sum recovered it was supported by the undisputed proof on that count of the complaint resting upon an open account, and it is immaterial as to whether or not a case was sufficiently established as for a stated account. Nor does the mere fact that the recovery was for a sum less than the claim which was originally filed present any matter of variance or in anywise affect the judgment rendered. Holloway v. Calvin, 203 Ala. 663, 84 So. 737.

Upon due consideration of the argued assignments of error we find no cause for a reversal, and the judgment will accordingly be here affirmed.

Affirmed.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.