51 So.2d 674

**HAYWOOD et al. v. HOLLINGS-WORTH et al.**

**7 Div. 47.**

Supreme Court of Alabama.

March 8, 1951.

Rehearing Denied April 19, 1951.

Chas. Thomason, of Anniston, for appellants.

Knox, Jones, Woolf & Merrill, of Anniston, for appellees.

BROWN, Justice.

This appeal is from the final decree of the circuit court, in equity, fixing a disputed land line between the properties of coterminous proprietors, who as the undisputed evidence shows, each own a lot in the Griffishurst Subdivision to the City of Anniston, situated just west of said city in Calhoun County, Alabama.

The bill filed by appellees seeking such relief alleges,

"Complainants own the following described property, to-wit: Lot 2, in Block A, as shown on the map of Griffishurst, just west of the City of Anniston, in Calhoun County, Alabama. Respondents own the following described property, to-wit: Lot 1, in Block A, as shown on the map of Griffishurst, just west of the City of Anniston, in Calhoun County, Alabama.

"Complainants and Respondents are coterminous owners, complainants' lot lying adjacent to and immediately west of respondents' said lot; both of which front on the south side of Tenth Street and extend southward to an alley, as shown on the map of Griffishurst Subdivision. The east boundary line of complainants' said lot is the same as the west boundary line of respondents' said lot.

"Complainants aver that the location of said boundary line between said lots is disputed by said owners and complainants desire to have the same established and determined by this Court."

The bill further avers, in short, that "more than ten years ago the boundary line above referred to was established and agreed upon between the then owners of said respective lots, who were the predecessors in title of the present owners, and *a fence was erected on said dividing line which separated said lots*; that both of said parties acquiesced in the construction of said fence and for more than twenty years recognized the same as the boundary line between said lots and treated the same as such, each party having actual possession of his respective lot up to said fence."

"Complainants aver that the true boundary line between said lots is the line upon which the original fence was erected and the same is well marked by postholes where the fence posts constituting a part of said fence stood, and that the same runs four feet nine inches east of and approximately parallel to the new fence that has been erected by the respondents."

The bill prays *inter alia* that "The Court will determine and establish the true boundary line between the said lots of said parties and that the Court will adjudicate that the true boundary line is the line upon which the original fence separating said lots was located, and complainants further pray that the Court will enjoin respondents from maintaining the fence that they have recently erected upon complainants' property, and will require him to remove the same and to reestablish said original fence, and that the boundary line between said lots will be clearly established and marked under the supervision of the Court," and for general relief.

After demurrer overruled the defendants answered, admitting that said lots "lie adjacent to or parallel with one another and that they front on the south side of Tenth Street, and extend southward to an alley,

as shown on the map of Griffishurst Subdivision," "that the East boundary line of complainants' said lot is the same as the west boundary line of respondents' said lot"; and that the "boundary line between the above named and identified lots is in dispute."

The respondents deny that "more than twenty years ago the boundary line above referred to was established and agreed upon between the then owners of said respective lots." Further respondents deny that a fence was erected on said dividing line by them and acquiesced in by them for more than twenty years, or at all. The respondents "emphatically deny and specifically deny that for more than twenty years last past the complainants or their predecessors in title claimed to own the land west of the old fence, that the predecessors in title and the complainants never actually used the land right up to the fence."

The respondents in their answer deny that the true boundary line between said lots is the line upon which the original fence was erected.

On submission on the pleadings and proof noted by the register, consisting of documentary evidence, testimony taken by depositions and testimony taken *ore tenus*, the court entered a final decree as follows:

"It is accordingly ordered, adjudged and decreed by the Court that the boundary line between the lots of complainants and respondents, * * * is hereby determined to be and established by the Court as follows, to-wit:

"Beginning at a point on the south line of Jefferson Street 47 feet 3 inches west of an iron marker established by A. J. Saks, Surveyor, at the southwest corner of Jefferson Street and First Avenue, which point is 4 feet 9 inches east of an iron marker established by A. J. Saks, Surveyor, purporting to mark the dividing line between the said Lots 1 and 2, Block A, Griffishurst, and is the point where the existing fence erected by respondent H. L. Haywood referred to in the bill of complaint intersects the south line of Jefferson Street. From said beginning point said boundary line extends southward following the old fence row where the fence erected by W.

P. Pointer in 1948 stood (being the fence removed by respondent H. L. Haywood a short time prior to the filing of this suit) to an alley, which is the south line of said lots, located in Calhoun County, Alabama.

"It is further ordered, adjudged and decreed by the Court that the respondents be, and they are hereby, ordered, directed and enjoined to forthwith remove the fence heretofore erected by respondent H. L. Haywood as a dividing fence between said lots, and they are hereby enjoined and prohibited from maintaining or permitting the same to remain in its present location, or elsewhere on the west side of the boundary line between said lots as herein determined and fixed by the court. * * *"

The single assignment of error made on the record after stating the caption of the case is:

"Now comes the Appellants, respondents in the cause below, and show unto the Court that manifest error has been committed on the trial of this cause in the Court below to their great damage, and as ground of error assign the following:

"The Court below erred in the final decree rendered in the above styled cause, signed August 26, 1949, and recorded in Transcript on pages 18 and 19 of record."

The evidence is without dispute that the lots, the dividing line between which we are considering, is in dispute and are located in Griffishurst Addition to Anniston, Calhoun County, Alabama, the land owned by Mr. Griffis and platted by G. B. Pickett Civil Engineer in December 1915 and plat and map thereof recorded in the office of the Judge of Probate of Calhoun County in "Plat Book 'B', page 14;" that said lots are situated in Block "A" and are numbered 1 and 2. That said lots front on the south side of 10th or Jefferson Street. Said lot 1 is a corner lot running west of and adjacent to First Avenue and as platted is fifty-two feet in width. Lot 2 is immediately west of and contiguous to lot 1 and as shown by the plat is fifty feet wide. Both of said lots extend back to the south to an alley and are 140 feet in length.

The evidence is further without dispute that W. P. Pointer, the immediate predecessor in title of the complainants, who

had owned said lot 2 for twenty years or more, on June 7th, 1948, conveyed the same to complainants by warranty deed which describes the same as "Lot No. (2) in Block 'A', as shown on the map of the Griffishurst property just west of the City of Anniston, Alabama, together with all the improvements thereon and appurtenances thereto belonging."

Any accretion to or enlargement of such lot through the processes of adverse possession or estoppel, if any, acquired by Pointer during his ownership was not embodied in said description.

The evidence is also without dispute that A. G. Newriter owned and was in possession of said lot 1 in Block A of said Griffishurst Addition for many years, improved and lived on the same with his wife and after his death his widow Grace Newriter and Lillie Mae Sparkman, his only heir at law, on July 10th, 1945, conveyed said property to the respondents (appellants here) by warranty deed, containing the following description: "Lot One (1), Block A, as shown and numbered on the map of Griffishurst, Anniston, Alabama, more particularly described as follows: Beginning at a point on the south line of Tenth Street at the intersection of First Avenue, thence running south along the west line of First Avenue One Hundred Forty (140) feet; thence west along the north line of the alley fifty-two (52) feet; thence north one hundred forty (140) feet to the south line of Tenth Street; thence east along said line fifty-two (52) feet to point of beginning; in the City of Anniston, Calhoun County, Alabama."

Said widow and the only heir at law were and are the immediate predecessors in title of the respondents. The only basis for adverse possession, the holding up to an agreed line, was the testimony of the witness W. P. Pointer, who was not competent to testify as to a transaction between himself and A. G. Newriter, long since deceased. Code of 1940, Tit. 7, § 433; Smith v. Cook, 220 Ala. 338, 124 So. 898. And under the recent rulings here applying, the "lazy lawyer statute," that testimony should not have been considered. § 372(1), Tit. 7, Code of 1940; Redwine v. Jackson, 254 Ala. 564, 49 So.2d 115.

The description in complainants' deed from Pointer cannot be extended by construction so as to embrace the 4 ft. and 9 inches which encroaches on defendants' Lot No. 1 in Block A. Brown v. Powers, 167 Ala. 518, 52 So. 647; Alford v. Rodgers, 242 Ala. 370, 6 So.2d 409. The claim of complainants that a line had been established along the old fence row by agreement between Pointer and Newriter and adverse possession not being sustained, the defendant was entitled to have the true line described in the deed from Mrs. Grace A. Newriter and Lillie Mae Sparkman established by the decree of the court. Smith v. Cook, 220 Ala. 338, 124 So. 898.

The decree of the circuit court entered August 26, 1949, is reversed and one is here entered defining the true line between said coterminous owners as follows: Beginning at a point on the south line of Tenth Street at the intersection of First Avenue; thence running south along the west line of First Avenue one hundred and forty (140) feet; thence west along the North line of the alley fifty-two (52) feet; thence north one hundred and forty (140) feet to the South line of Tenth Avenue; thence East along said line fifty-two (52) feet to the point of beginning, in said Griffishurst Addition to the City of Anniston, Calhoun County, Alabama.

The case is remanded to the circuit court, in equity, with direction to appoint a competent engineer to locate said dividing line and place permanent markers along the same each twenty feet, showing that the same has been settled by judicial decree.

Reversed, rendered and remanded with directions.

LIVINGSTON, C. J., and SIMPSON and STAKELY, JJ., concur.