70 So.2d 263

CARLISLE et al. v. CARLISLE.

4 Div. 745.

Supreme Court of Alabama.

Jan. 21, 1954.

Lawrence K. Andrews, Union Springs, for appellants.

284

Cope & Cope, Union Springs, for appellee.

## PER CURIAM.

This in an appeal from a decree of the circuit court, in equity, rendered on exceptions to a report for a partial settlement by W. Frank Carlisle, as administrator of the estate of his father J. C. Carlisle, deceased. The appeal was taken by certain heirs of the estate who had filed exceptions to the report and contested it.

The issues were finally reduced to one question of fact. That was whether a certain two hundred and twelve head of cattle were the property of decedent or of said W. Frank Carlisle individually. Frank Carlisle contended that he was the owner of the cattle. The other heirs contended that they were owned by J. C. Carlisle.

The evidence was taken *ore tenus* before the trial judge, and he rendered a decree sustaining the report of the administrator and denying the exceptions to it in respect to the two hundred and twelve head of cattle: hence this appeal.

Frank Carlisle, the administrator, testified as a witness and appellants claim that much of his testimony violated section 433, Title 7, Code. No objection was made to that testimony by the contestants in reliance on section 372 (1), Title 7, Code, providing that objection need not be made on such a hearing to evidence which is irrelevant, immaterial, incompetent or illegal, and that the trial judge should consider only such evidence as is relevant, material, competent and legal, although no objection is made to it.

The evidence here in question belongs to the class within the statute. Redwine v. Jackson, 254 Ala. 564, 49 So. 2d 115; Haywood v. Hollingsworth, 255 Ala. 453, 51 So.2d 674; Cousins v. Crawford, 258 Ala. 590, 63 So.2d 670 (15). We take it therefore that the trial judge did not consider any part of the evidence which violated section 433, supra. That is also indicated by expressions made during the trial. The witness Frank Carlisle was an heir of the estate and also claimed ownership of said cattle. As such heir he had an interest in the controversy consistent with the interest of the estate. But as a claimant in his own right, his interest was opposed to that of the estate. As such claimant, his interest in this proceeding was also opposed to that of the contestants, and he was rendered incompetent to testify against them as to any transaction with or statement by the deceased whose estate is interested in the result, not having been called as a witness to do so by his opponents. That statute is carefully expressed, and limits the incompetency within specific bounds. Although under its terms Frank Carlisle as claimant of the cattle was rendered incompetent to testify on his own behalf against the contestants regarding any transaction he may have had with his father, the deceased, or statements by him material to the issue, it does not inhibit any other sort of testimony by him. Warten v. Black, 195 Ala. 93, 70 So. 758; Hunt v. Murdock, 229 Ala. 277, 156 So. 841; Jones v. Belue, 241 Ala. 22, 200 So. 886. Frank Carlisle could legally testify as to his own acts and conduct when material and legal, as he did, in other respects than transactions with his father and statements by or to him.

There was little or no effort to transgress this principle in material respects. To the extent that there may be a violation, it could well have been disregarded by the court and leave ample legal competent evidence to support the trial judge's finding and decree. There was evidence which conflicts with that which supports the decree.

The finding and decree of the court should be affirmed under such circumstances when there was an *ore tenus* hearing and the evidence does not greatly preponderate against the result reached. Cousins v. Crawford, supra. Such is the status here and the decree should be affirmed.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.