105 So.2d 96

Bill B. GILBREATH, as admr.,

v.

W. J. LEVI.

8 Div. 920.

Supreme Court of Alabama.

May 22, 1958.

Rehearing Denied Sept. 25, 1958.

Roberts & Orme, Gadsden, for appellee.

H. G. Bailey, Boaz, for appellant.

STAKELY, Justice.

This is a suit brought by W. J. Levi against Bill B. Gilbreath, as administrator of the estate of Eschol J. Gilbreath, deceased. The complaint contains only one count, claiming the sum of $3,500 with interest for money had and received by the deceased from the plaintiff on, to-wit, the 5th day of November, 1954.

It is alleged that this sum is due and unpaid.

The defendant filed pleas of the general issue. The case went to trial before the jury and after hearing the evidence and the charge of the court, the jury returned a verdict in the sum of $2,160.20. Judgment was entered by the court on this verdict and thereafter a motion for a new trial was filed. The motion was overruled by the court and on these rulings, this appeal has been brought to this court.

It was stipulated and agreed between the parties that the claim of the plaintiff has been duly filed in the Probate Court of Marshall County, Alabama, and that the defendant was at the time of the filing of the claim and is now the administrator of the estate and that this administration is still pending in the Probate Court of Marshall County and that the claim of the plaintiff has been denied by the administrator.

I. The defendant appears to rely on a violation of the statute which provides that in a civil suit and proceedings, there must be no exclusion of any witness because he is a party, or interested in the issue tried, except that no person having a pecuniary interest in the result of the suit or proceeding shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit or proceeding. § 433, Title 7, Code of 1940.

The evidence in the case is meager, but upon a consideration of the same, we are of the opinion that it sustains the verdict of the jury in finding for the plaintiff against the defendant.

Tendencies of the evidence showed the following. B. L. Haygood, a witness for the plaintiff, testified on direct examination in substance that he worked as a mechanic and cleanup man for Levi and Gilbreath, that Levi and Gilbreath operated a used car lot next to the Reich Hotel in Gadsden, Alabama. He worked for them for about a year prior to Mr. Gilbreath's death and came back and worked for them a couple of months, that a short time before Mr. Gilbreath's death he saw Levi and Gilbreath with a check and that they were having a conversation about it. In this conversation Levi asked Gilbreath something about the check and Gilbreath replied, "We will settle about that in a day or two," that he knew the signature of Gilbreath and the signature on the check is that of Gilbreath. The check was allowed in evidence over the objection of appellant on the ground "that there is no evidence of any debt." The check was for $1,928.75 payable to Bill Levi, signed by E. J. Gilbreath, drawn on East Gadsden Bank. Upon the face of the check is written the word "Loan." This witness was not related to either of the parties.

The witness further testified that Levi and Gilbreath bought an Oldsmobile car together, each paying for the same in the sum of $550. This car was placed on the lot. According to this witness, the car was on the lot when he quit work for the concern. He left their employment about two months before Gilbreath died. His testimony further showed that he was present when they bought the Oldsmobile together, that he saw Levi pay his part of the purchase price, $550, and saw Gilbreath go into the office apparently for the purpose of writing his check for his part. In passing by the premises where he had worked, he noticed that the car was gone.

The testimony of the administrator tended to show that in examining the books and papers of his deceased brother, Eschol Gilbreath, he did not see anything relative to an indebtedness of his brother to Levi or anything indicating that he owed Levi. The deceased died on January 23, 1955, and his brother, as administrator of his estate, testified that he had about $2,300 on deposit in the bank to his credit on a checking account at the time of his death, that his brother made

deposits regularly at the bank and ran a checking account.

 It is claimed that the trial court was in error in permitting the plaintiff to testify over defendant's objection that he and the deceased Gilbreath operated a used car lot in Gadsden prior to deceased's death and that they were operating it at the time of deceased's death. There was no error in this ruling of the court. Plaintiff was competent to testify to any collateral fact concerning his relationship with decedent so long as it was not to a specific transaction or statement by the deceased person. The fact that he and decedent operated a used car lot in Gadsden does not apply to any specific transaction or statement by the decedent. Hunt v. Murdock, 229 Ala. 277, 156 So. 841; Warten v. Black, 195 Ala. 93, 70 So. 758; Carlisle v. Carlisle, 260 Ala. 283, 70 So.2d 263.

The position is further taken that the court was in error in permitting the statement of the plaintiff Levi that at the time the check was introduced and admitted in evidence, Gilbreath was indebted to him in the amount of $1,928.75. A careful examination of the record, however, shows that while this question was asked the witness, there was no answer made to this question.

It is further the position of the appellant that the testimony of the plaintiff to the effect that the $1,928.75 evidenced by the check is still due and unpaid, is clearly violative of § 433, Title 7, Code of 1940. We do not agree with this latter contention because it seems to us that this testimony was not testimony as to any transaction with or statement by the deceased, but only to the collateral fact that the amount evidenced by the check was due and unpaid. Authorities, supra.

II. It is claimed in brief by appellant that the evidence does not support an action for money had and received. An action for money had and received is

available when defendant has possession of money or money's value which in equity and good conscience belongs to complainant. Ex parte Morton, 261 Ala. 581, 75 So.2d 500; Allen v. M. Mendelsohn & Son, 207 Ala. 527, 93 So. 416, 31 A.L.R. 1063.

Assuming without deciding that the assignments of error raise the question here discussed, we think there is no merit in this position. The check taken with the other evidence tends to show that the deceased at the time of his death had in his possession money which in equity and good conscience belonged to Levi. Authorities supra; Nickerson v. Sheldon, 33 Ill. 372, 85 Am.Dec. 280; 4 Am.Jur. p. 516, § 26.

Since there was evidence which tended to show that the deceased was indebted to the plaintiff, the jury had the right to find for the plaintiff.

The judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.