BRADLEY, Judge.
This appeal was initiated when Frank Haskew filed suit in the Circuit Court of Clarke County against Annie L. Monk Buckalew, formerly Annie L. Monk Duna-gan, individually and as administratrix of the estate of Winford Clarence Monk, and the heirs of the deceased Winford Clarence Monk. Haskew asked that he be declared the legal owner of eight Town of Grove Hill First Mortgage Industrial Development Revenue Bonds in the amount of $500 each, and that the estate and heirs of Winford Clarence Monk be divested of any interest they might have in the bonds. The defendants denied Haskew’s claim to the bonds and counterclaimed to be declared the legal owners of the bonds. After a trial without a jury, the circuit court rendered a judgment in favor of Haskew. The administra-trix, Mrs. Buckalew, appeals.
Appellant Buckalew maintains the trial court committed reversible error in two respects: first, the court allowed into evidence testimony which violated the Dead Man’s Statute and second, there was. insufficient legal evidence to support the trial court’s decree.
The portion of Title 7, Section 433, Code of Alabama 1940 (Recomp.1958), otherwise known as the “Dead Man’s Statute,” involved here is as follows:
“In civil suits and proceedings, there must be no exclusion of any witness because he is a party, or interested in the issue tried, except that no person having a pecuniary interest in the result of the suit or proceeding shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit or proceeding, . ..”
The question to be answered is whether the testimony of Haskew and Mrs. Buckalew, allowed over objection, dealt with any transaction with or statement by the deceased. Hartford Accident & Indemnity Co. v. Kykendall, 287 Ala. 36, 247 So.2d 356 (1971); Gilbreath v. Levi, 268 Ala. 148, 105 So.2d 96 (1958); Gamble v. Whitehead, 94 Ala. 335, 11 So. 293 (1891). If the questioned testimony related to a collateral matter, it is not objectionable and was properly admitted. Solinger v. Solinger, 57 Ala.App. 225, 327 So.2d 721 (1975). However, if the testimony concerned or related to a direct *453 transaction with the deceased, it is objectionable and should have been rejected.
The first objected to question and answer occurred when the witness Mrs. Buckalew was on the stand:
“Q Tell the Court how you first learned of the existence of any bonds?
“A Well, Frank came to me and said that he had the bonds that he had bought.
“MR. KEAHEY: I object and move to exclude any testimony in regard to anything Mr. Haskew had with the deceased in which he had an interest which is adverse to the estate of the deceased.
“It is a violation of the dead man’s statute.
“JUDGE YOUNGER: It is between him and the witness. I overrule.
“MR. KEAHEY: Except.”
This colloquy strikes us as being very similar to that in Gamble v. Whitehead, supra. There the plaintiff-witness, who had brought an action against the administrator of the estate of a deceased person to recover the proceeds of a note which had been intrusted to the deceased for collection, was asked whether she had ever received anything for the note. Over objection, she was permitted to answer no. On appeal the supreme court said: “ . Neither the question nor the answer relates directly to, or sheds any direct light upon any transaction with, or statement by defendant’s intestate. . . . ” 94 Ala. at 336, 11 So. at 294. Likewise in the case at bar, we do not believe that either the question to which Mrs. Buckalew objects or the answer given related to or shed any light upon any transaction with or statement by the deceased Mr. Monk. The objection to this question was properly overruled.
The next objected to question was directed to Haskew while he was on the stand:
“Q Now, the first bond was number 109-D, the first bond called. Do you know who received the proceeds from that bond?
“A I got it.
“MR. KEAHEY: We object and ask it be excluded. It was a transaction he had with the deceased.
“JUDGE YOUNGER: Overrule.
“MR. KEAHEY: Except.”
Again we do not believe that the trial court committed error in allowing Haskew to testify that he received the proceeds from the call of one of the bonds in question, and we rely on the Kuykendall case, supra. There the witness had signed as surety with the deceased two promissory notes which were made payable to two banks in Tuscaloosa. The witness was permitted to testify over objection that he did not receive any of the proceeds from the two notes. The supreme court held that this question did not violate Title 7, Section 433, supra.
The third objected to question was asked of Haskew:
“Q Frank, these bonds that are in this lawsuit, who paid for them?
“A I did.
“MR. KEAHEY: I object and ask that it be excluded as to who paid for the bonds. It is certainly a transaction with the deceased. This man had an interest adverse to the estate of the deceased.
“JUDGE YOUNGER: I’m not sure it is, but if you want to I will hear you on it.
MR. KEAHEY: It is undisputed these bonds were purchased in the name of Winfred Clarence Monk, who is now deceased, and Mrs. Buckalew is his widow and has been appointed administratrix of his estate. We had a lot of testimony about a conversation Mrs. Buckalew had with Mr. Haskew in an effort to let him get around it, and testimony to the transaction he had in the name of the deceased these bonds are in the name of.
“JUDGE YOUNGER: Isn’t there some presumption by virtue of possession?
“MR. KEAHEY: He has got the bonds and won’t give them to us.
*454 “JUDGE YOUNGER: Let me hear from you, Mr. Williams.
“MR. WILLIAMS: First of all, my question to him, the response to that question wouldn’t be any transaction by the deceased.
“JUDGE YOUNGER: I overrule the objection.”
Again, we do not think this colloquy violated section 433 and rely on Gilbreath v. Levi, supra. In that case the plaintiff, who had been in the used car business with the deceased, was permitted to testify that an amount of $1,928.75, which was the amount of a loan evidenced by a check made by plaintiff to deceased, was still due and unpaid. The supreme court held that the question and answer did not violate section 433, supra, for the testimony elicited from the witness did not relate to any transaction with or statement by the deceased. We consider the testimony challenged here to be controlled by the holding in the Levi case and find that the trial court committed no error in overruling the objection and allowing the witness to testify that he paid for the bonds in question.
Having concluded that the testimony objected to by Mrs. Buckalew was properly admitted into evidence, we now turn to the question whether there is sufficient legal evidence in the record to support the judgment of the trial court.
The evidence reveals the following. In 1960 Frank Haskew purchased ten Town of Grove Hill Industrial Development Revenue Bonds, each with a face value of $500. He then gave Winford Clarence Monk a sum of money with which Monk likewise purchased ten Town of Grove Hill Industrial Development Revenue Bonds. At that time Monk was operating a service station and store in Grove Hill. Haskew kept the ten bonds purchased by Monk in his possession. When the first bond of that group was called, Monk cashed the bond and gave Has-kew the proceeds. As the interest coupons matured, Monk would cash those also and give the proceeds to Haskew.
In 1966 Monk died, leaving his wife, now Mrs. Buckalew, and four children. The second bond in the group purchased by Monk was called after Monk’s death. Has-kew asked Mrs. Buckalew to cash the bond and give him the proceeds. When she attempted to cash the bond, Mrs. Buckalew was informed by bank officials that she first would have to be appointed adminis-tratrix of her deceased husband’s estate. She was so appointed and then cashed the bond; however, instead of giving the proceeds to Haskew, she deposited the $500 into the account of the estate.
Mrs. Buckalew testified that she had not seen the bonds in question in the possession of her husband before his death and had no knowledge of these particular bonds until Haskew asked her to cash them, but she had heard her husband mention some bonds. She also stated she did not know who had paid for the bonds in question.
Haskew said he had known Monk for twenty to twenty-five years before Monk’s death and that, in addition to their social relationship, they had joined in some business ventures. He had loaned Monk money “all along.”
Haskew further testified that Mrs. Buck-alew cashed in the first two interest coupons which became due after Monk’s death and gave him the proceeds. Thereafter, he cashed the interest coupons himself. Has-kew also said that when he discovered Mrs. Buckalew had cashed the bond and demanded that she give him the money, she admitted the $500 belonged to him and said she would have to repay it from the children’s Social Security benefits. Mrs. Buckalew denied the truth of this portion of Haskew’s testimony.
We think there is sufficient evidence to support the trial court’s judgment that Haskew is the legal owner of the bonds in question, that Monk’s estate and heirs have no legal claim to these bonds, and that the administratrix, Mrs. Buckalew, is liable to repay to Haskew $500 for the bond which she cashed.
The trial court having committed no reversible error, its judgment is affirmed.
AFFIRMED.
*455 HOLMES, J., and PAUL, Retired Circuit Judge, sitting by special appointment, concur.