J.C. and Myrtie Griffin filed an action to quiet title in themselves to a parcel of land. The trial court granted defendants' motions for summary judgment and the Griffins appealed.
The only issue presented by this case is whether the trial court erred in granting defendants' motions for summary judgment.
The Griffins allege in their complaint that they own the fee simple title to the land in question. That allegation is based upon two counts, the first of which is adverse possession of the land for more than twenty years. In the second count they allege that, in 1957, "Henry" Butler (later referred to in the record as N.O. Butler), the record owner of the land at that time, contracted to convey the land to the plaintiffs in consideration for services to be rendered by them to Butler for the rest of his life. The Griffins assert that from 1957 until the time of his death in 1979 they worked for Butler, and that, upon his death, they completed their performance under the contract. Therefore, they contend that they are entitled to specific performance from defendant Charles Little, Butler's successor in interest. The Griffins later joined Robert Ferguson, who also claimed an interest in the disputed property, as a defendant.
Defendant Charles Little submitted interrogatories to the plaintiffs. They filed answers to those interrogatories and submitted their own interrogatories to defendants Little and Ferguson. Both defendants filed answers to those interrogatories, filed answers to the plaintiffs' complaint, and then moved for summary judgment "based upon the pleadings, interrogatories and answers thereto."
The Griffins filed a motion in opposition to those of the defendants, stating that there were genuine issues of material fact. They attached supporting affidavits. In pertinent part, those affidavits are set out below.
Affidavits of J.C. and Myrtie Griffin:
 "I have lived on this land since 1939. I have been claiming this land as my own since 1957. Since 1957, I have not paid rent to any individual for the right to reside on this land. I have not recognized any other individual's title to this land. I have made numerous improvements to the land without the need of permission from anyone.
 "My [spouse] and I came to own this land in 1957 when it was given to us by Mr. N.O. Butler. We did not pay tax on this land until after Mr. Butler's death because we were told by Mr. Butler that this land was exempt from taxation under the homestead exemption. We have paid tax on this land since the year Mr. Butler died."
Affidavit of Carmen Frazier:
 "My name is Carmen Frazier. I have known J.C. and Myrtie Griffin for many years. I also knew N.O. Butler for many years prior to his death. *Page 286 
 "I have helped Mr. Butler with his land several times during his life. In or about 1970, Mr. Butler said to me in reference to the land upon which J.C. and Myrtie Griffin now live that that land was none of his concern. Mr. Butler told me that he had given that land to the Griffins and that that land was theirs."
Affidavit of Donald Jackson:
 "My name is Donald Jackson. I have known J.C. and Myrtie Griffin all my life. I also knew N.O. Butler prior to his death for many years.
 "On many occasions in my presence, N.O. Butler had said that the piece of land upon which the Griffins now reside belongs to the Griffins. He said in my presence that this land was given to the Griffins by him."
Evidence offered in response to a motion for summary judgment, in the form of affidavits or otherwise, must present facts which would be admissible at trial. Whatley v. CardinalPest Control, 388 So.2d 529, 532 (Ala. 1980). The appellees, Little and Ferguson, attack the admissibility of the Griffins' affidavits, stating:
 "[S]tatements in the plaintiffs' affidavits as to the transaction between the plaintiffs and N.O. Butler would not be admissible in evidence because of the Dead Man's Statute."
The Dead Man's Statute, Code of 1975, § 12-21-163, provides:
 "In civil actions and proceedings, there must be no exclusion of any witness because he is a party or interested in the issue tried, except that no person having a pecuniary interest in the result of the action or proceeding shall be allowed to testify against the party to whom his interest is opposed as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the action or proceeding. . . ."
In their brief, the Griffins concede the applicability of the statute to statements about the transaction with Butler, but they claim that their testimony regarding the length and hostility of their possession of the property is admissible under the "collateral facts rule." Under that rule, this Court has found that testimony relating to a collateral matter, and not dealing with any transaction or statement by the deceased, is admissible. Gilbreath v. Levi, 268 Ala. 148, 105 So.2d 96
(1958). That rule is applicable here, and, therefore, the Griffins' statements concerning the length and hostility of their possession are admissible and, as such, they were properly before the trial court in its ruling on defendants' motions for summary judgment.
The appellees also attack the affidavits of Jackson and Frazier on the ground that neither of them "meets the requirements for such affidavits as spelled out in Rule 56, A.R.Civ.P." However, the appellees fail to specify in their argument in what way these affidavits fall short of the requirement of that rule. From reading the appellees' statement of the issues, it appears that their attack on these affidavits is based upon the rule against hearsay evidence.
 "Hearsay may be defined as evidence of an out of court statement, being offered to show the truth of the matter asserted. Stephens v. Central of Georgia Railroad Co., 367 So.2d 192 (Ala. 1978). The general rule is that hearsay is inadmissible. Id. A well recognized exception to the hearsay rule is a declaration, by a person not available at trial, made against his or her pecuniary or proprietary interest — a declaration against interest. Gamble, McElroy's Alabama Evidence, § 245.01 (3d ed. 1977). . . ." Lavett v. Lavett, 414 So.2d 907, 910 (Ala. 1982).
The exception referred to in Lavett is applicable here, and, therefore, the testimony of Frazier and Jackson is admissible evidence.
Next, we turn to the propriety of the trial court's grant of defendants' motions for summary judgment based upon the admissible evidence which was before it.
Adverse possession by prescription requires actual, exclusive, open, notorious, and hostile possession under a claim of *Page 287 
right for twenty years. Kerlin v. Tensaw Land Timber Company,Inc., 390 So.2d 616 (Ala. 1980). Appellants admit that from 1939 to 1957 they used the land permissively, but they claim that since 1957 they have occupied the land adversely in accord with the rule stated in Pendley v. Pendley, 338 So.2d 405 (Ala. 1976):
 "`[A]n uninterrupted, continuous possession of lands by a donee, under a mere parol gift, accompanied with a claim of right, is an adverse holding as against the donor, and will be protected by the statute of limitations, thus maturing into a good title by the lapse of [the prescriptive period]; . . . the fact is immaterial that such a parol gift of lands conveys no title, and only operates as a mere tenancy at will, capable of revocation or disaffirmance by the donor at any time before the bar of the statute is complete.'" 338 So.2d at 406 (quoting Lee v. Thompson, 99 Ala. 95, 11 So. 672
(1892)).
While appellants' testimony about the alleged transaction with Butler is inadmissible, there was admissible evidence before the trial court that Butler had given the property to the Griffins, which would have converted their permissible use into adverse use.
"When the factual allegations in pleadings of the party opposing the motion for summary judgment are supported by affidavits or other evidentiary material, they must be taken as true in ruling on the motion." Arata v. Martin-PrineEntertainment, Inc., 342 So.2d 925, 926 (Ala.Civ.App. 1977). Summary judgment is proper only in cases which present no genuine issues of material fact and in which the moving party is entitled to judgment as a matter of law. If the evidence or any reasonable inference therefrom contains the merest gleam, glimmer, spark, the least particle or the smallest trace in support of the theory of the nonmoving party, the trial court must allow the factual questions to go to the jury. Ex parteBagby Elevator Electric Co., 383 So.2d 173, 176 (Ala. 1980).
We hold in this case that at least a scintilla of evidence was presented in support of the Griffins' claim, and, therefore, the defendants' motions for summary judgment should not have been granted. Accordingly, the summary judgments are due to be reversed and the case remanded. It is so ordered.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.