This is an appeal from the trial court's order granting summary judgment for all defendants in a termite damage case based on fraud.
On December 30, 1981, the plaintiffs, Maurice G. Reynolds, Jr., and his wife, Rebecca Ann Reynolds, purchased from Chester Walls a home at 2820 Old Big Cove Road in Owens Crossroads, Alabama.
At the closing the plaintiffs were presented with a V.A. Form 26-8850 titled "WOOD DESTROYING INSECT INFORMATION — EXISTING CONSTRUCTION." This form was completed by James D. Holland, *Page 1186 
who was listed on the form as manager of Fowler Pest Control. This completed form was to become the basis of the plaintiffs' complaint for fraud.
The plaintiffs moved in after purchasing the house and experienced no difficulties with termites until the end of March. At that time the plaintiffs noticed a termite swarm along the sidewalk beside the front porch. The plaintiffs called Fowler Pest Control, which sent an employee to treat the problem. The plaintiffs saw no more termites until May, when they found termites inside the northeast corner of the house. While they were looking for damage caused by these termites, the floor collapsed beneath them and dropped down several inches. Upon inspection they found that termites had done extensive damage to certain support beams under the house.
The plaintiffs filed suit against Fowler Pest Control 
Insulation, Inc.; Irby Fowler; James D. Holland; and Butch Holland, a.k.a. Ernest Holland, on the grounds of fraud. The alleged fraud was that the defendants had represented in writing on V.A. Form 26-8850 at the loan closing that the property was free of termite damage, when in fact there was significant damage to the house. They further alleged that the representations were false, that the defendants knew or should have known they were false, that they were made with the intent that the plaintiffs rely upon them, and that the plaintiffs believed the representations and to their detriment relied upon them and purchased the property.
From the trial court's order granting summary judgment in favor of all defendants, the plaintiffs now appeal.
 I
We first address the defendants' contention that the plaintiffs failed to give notice of appeal within the 42-day time limit provided by Rule 4, A.R.A.P.
The trial court's order granting the defendants' motion for summary judgment was dated April 24, 1984. It was not a final judgment under Rule 54 (b), A.R.C.P., because it did not contain an express determination that the judgment would be final, there being no just reason for delay. Rule 4, A.R.A.P., provides that "the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from." The plaintiffs gave notice of appeal on June 6, 1984. If the April 24 order established the date for the beginning of the 42-day time limit for filing an appeal, the notice of appeal would have been one day late.
This case, however, involved also a cross-claim by James D. Holland against Irby Fowler and Fowler Pest Control 
Insulation, Inc., which was not dismissed until May 25, 1984. This cross-claim contained a definite money claim in count two and did not appear to be merely defensive, as contended by defendants.
We find, therefore, that there was no final judgment in this case until May 25, 1984, and thus, that this appeal was timely filed.
 II
The plaintiffs contend that the trial court erred in granting the defendants' motion for summary judgment.
Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. White v. Law, 454 So.2d 515 (Ala. 1984); Griffin v. Little, 451 So.2d 284 (Ala. 1984); Rule 56 (c), A.R.Civ.P. If there is a scintilla of evidence supporting the party against whom the motion is made, summary judgment may not be granted. Savage v. Wright, 439 So.2d 120 (Ala. 1983);Campbell v. Alabama Power Co., 378 So.2d 718 (Ala. 1979).
The plaintiffs base their claim solely on their theory of fraud. They contend that Fowler Pest Control represented on V.A. Form 26-8850 at the closing that the property was free of termite damage when in fact there was significant damage to the house. They further contend that Fowler *Page 1187 
Pest Control knew or should have known that this representation was false, that it was made with the intent that the plaintiffs rely upon it, and that in reliance on the representation they purchased the property.
Sections 6-5-100 through 6-5-104, Code of Alabama 1975, set out the elements of a civil action in fraud. An essential element of an action in fraud is a misrepresentation of a material fact. In the instant case the misrepresentation complained of was Fowler Pest Control's failure to disclose the existence of termite damage to the dwelling on V.A. Form 26-8850.
The plaintiffs refer to blocks 8 and 9 on the V.A. Form as the points where the misrepresentation occurred. Block 8 begins "BASED ON CAREFUL VISUAL INSPECTION OF THE READILY ACCESSIBLE AREAS OF THE PROPERTY" and then has choices A through E as possible conclusions to check. The Fowler Pest Control representative marked choice C, which provided: "Visible evidence of infestation was noted; proper control measures were performed." Block 9 provided "DAMAGE OBSERVED ABOVE, IF ANY" but had none of the three possible choices marked. The plaintiffs contend that these blocks as completed by Fowler Pest Control were misrepresentations and that they induced them to purchase the dwelling to their detriment.
A further reading of this form, however, reveals a statement in Block 11, titled "STATEMENT OF PEST CONTROL OPERATOR," that "This is not a structural damage report. Neither is this a warranty as to the absence of wood destroying insects." Because of these statements, the instant case can be distinguished fromSavage v. Wright, supra, on which the plaintiffs rely as precedent for reversal. In Savage, the report by the pest control company contained the following:
 "Based on a careful visual inspection of accessible areas and sounding of accessible structural members there is no evidence of active Termites or other wood destroying insect infestation in the subject property.
 "If such infestation previously existed infestation has been corrected and any damage due to such infestation has been corrected or alternately [sic] been fully disclosed as follows:
"No visual structural damage.
 "This is not a guarantee that there are no Termites in this Building."
The report in the instant case can be distinguished because it contained a statement that it was not a structural damage report and it specifically noted that a termite infestation had been found and treated. Furthermore, the deposition of Maurice Reynolds revealed that he received a graph at the closing showing the existence of termite tunnels and his deposition contained a statement by him that he understood that the graph "represent[ed] the structure — the house where the damage — where the termites or infestation was noted and treated." The plaintiffs apparently were well aware that termites had been present and that damage was likely.
Therefore, from the evidence it is apparent that the plaintiffs were not the victims of any misrepresentation, and that summary judgment in favor of the defendants was proper. The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and HOUSTON, JJ., concur. *Page 1188