Fowler Pest Control and Insulation, Inc. ("Fowler"), appeals from a summary judgment in favor of defendant Hartford Insurance Company of Alabama ("Hartford"). At all times pertinent to this appeal, Fowler was insured under a comprehensive general liability policy issued by Hartford. Fowler's complaint, as amended, sets out claims against Hartford for "bad faith," breach of contract, fraud, and deceit arising from Hartford's withdrawal from the defense of Fowler in a suit filed against Fowler by Maurice G. Reynolds, Jr., and his wife, Rebecca Ann Reynolds.
The underlying action against Fowler by the Reynoldses was before this Court in Reynolds v. Fowler Pest Control Insulation, Inc., 479 So.2d 1185 (Ala. 1985). There the cause of action was stated as follows:
"AMENDED COMPLAINT FOR FRAUD"
 "1. On, to wit, the 30th day of December, 1981, the Defendant, or its agent, servant or employee acting within the line and scope of his authority, represented in writing at a loan closing that the property in question was free of termite damage, when in fact there was significant termite damage to the dwelling house. The representations were made on Veterans Administration Loan Closing Forms that required disclosure of all observed damage. A copy of the report is attached hereto and incorporated herein by reference.
 "2. At the time Defendants represented to Plaintiffs that no termite damage was observed, or failed to report any observed damage, there was in fact serious damage present which a reasonable termite inspection would have revealed.
 "3. The representations made by the Defendant were false and Defendant knew or should have known that they were false, and they were made with the intent that Plaintiffs rely upon the representations.
 "4. Plaintiffs believed the representations and in reliance upon the representations purchased the property to their detriment."
Based on this claim as alleged by the Reynoldses, Hartford determined that no coverage was provided under the terms of the policy issued to Fowler and withdrew from defending Fowler in the action.
The insurance policy issued to Fowler provided, among other things, the following:
 "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
"Coverage A — Bodily Injury or
"Coverage B — Property Damage
 "to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations *Page 90 
of the suit are groundless, false or fraudulent. . . ."
The policy defines "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."
Fowler contends that the trial court erred in concluding that there was no obligation by Hartford to defend Fowler because there was no coverage under the policy. Fowler argues that facts known to Hartford, which were outside the complaint, should be considered in determining whether the policy provided coverage for Fowler.
The rules regarding an insurer's duty to defend are set out in United States Fidelity Guaranty Co. v. Armstrong,479 So.2d 1164, 1167 (Ala. 1985), as follows:
 "Whether an insurance company owes a duty to provide an insured with a defense to proceedings instituted against him must be determined primarily from the allegations of the complaint. Ladner Co. v. Southern Guaranty Ins. Co., 347 So.2d 100, 102 (Ala. 1977). If the injured party's complaint alleges an accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend, regardless of the ultimate liability of the insured. Ladner Co., 347 So.2d at 102.
 "If the complaint suggests that the injury alleged may not be within the coverage of the policy, then other facts outside the complaint may be taken into consideration. Ladner Co., 347 So.2d at 103."
Hartford relies on Ladner Co. v. Southern GuarantyInsurance Co., 347 So.2d 100 (Ala. 1977), where the Court considered the issue of "whether the qualifying clause in the definition of occurrence, 'neither expected nor intended from the standpoint of the insured' operates to excuse the insurer's duty to defend where the only theories of recovery alleged in the complaint charge the insured with intentional acts." 347 So.2d at 102. In that case, two insurers denied coverage and brought an action for declaratory judgment to determine their obligation to defend a suit against their insured. The complaint alleged that the insured had sold houses to the plaintiffs with knowledge that the houses would flood. The trial court granted summary judgment in favor of the insurers.
The Ladner Co. Court held:
 "[A]s presently postured, the defendant insurance companies are not presently required to defend the lawsuit pending against Ladner. The allegations of their complaint allege only intentional acts by Ladner; and nothing in the record before us indicates that any other theory of liability is asserted."
347 So.2d at 103. The Court emphasized, however, that if theplaintiffs changed their theory of liability and asserted a claim against the insured that was covered by the policies, it was possible that the insurers could be obligated to defend their insured.
For all that appears in the complaint filed by the Reynoldses against Fowler in the original case, certain types of fraud that are not intentional could have been included in that claim and therefore would not be excluded by the policy. We cannot say from the record and from the opinion rendered inReynolds v. Fowler Pest Control Insulation, Inc., supra, that every actionable claim or theory of fraud fell within the exclusion from Hartford's obligation to defend. We therefore hold that the trial court erred in granting summary judgment for Hartford on the contract claim, i.e., the claim based on a duty to defend. Since there was not a scintilla of evidence before the trial court on the issues of bad faith, fraud, and deceit, the summary judgment is otherwise affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
JONES, ALMON, SHORES, ADAMS and STEAGALL, JJ., concur. *Page 91