35 So.2d 329

**STATE ex rel. DORMAN v. SLAYTON et al.**
**7 Div. 927.**

Supreme Court of Alabama.
May 13, 1948.

A. A. Carmichael, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and J. J. Cockrell, Sol., of Talladega, for appellant.

Knox, Liles, Jones & Woolf, of Anniston, for appellee.

[1] Ante, p. 363.

BROWN, Justice.

This appeal is from the final decree of the circuit court, in equity, denying relief to the state on its bill filed on the relation of the Deputy Solicitor of Calhoun County, seeking to condemn the automobile described in the bill on the ground that at the time of its seizure or prior thereto said vehicle was being used for the purpose of illegally transporting and conveying prohibited liquors and beverages from one point within the State of Alabama to another point within said state, on, along or upon a public highway in Calhoun County, Alabama, and that the "owner or operator or operators of said automobile were or was James Slayton and/or Gerald W. Gilbert."

Slayton and Gilbert were made respondents and Gilbert was served with process. So far as appears from the record Slayton was not served nor did he appear.

The evidence is without dispute that the automobile was in the possession of and being driven by J. W. Adams, age thirty, a G. I., returned from overseas in the World War II. When the automobile was seized and searched by the officers of the law on Highway 78 in Calhoun, a dry county, five cases of liquor in pints, purchased by Adams at the liquor store in Birmingham, were found in the trunk of the automobile.

The evidence goes to show that the automobile was the property of the defendant Gilbert who lived in Anniston, that he operated it in the daytime as a taxicab, that by arrangement with Adams the automobile was turned over to him to operate in the evening and at night as a taxicab, Adams to retain 30% of the earnings, the balance going to Gilbert. The evidence further goes to show that Gilbert, the owner, instructed Adams not to drive the automobile while drinking nor to allow liquors to be carried in any quantities in the automobile; that Adams violated Gilbert's instructions on the occasion by hauling liquor in the car and that Gilbert had no knowledge of its use for that purpose and had no interest in the liquor which was the property of Adams.

The state adduced testimony going to show that the character of Adams and the character of Gilbert as violators of the prohibition law was bad and countervailing evidence on the part of the defendant was adduced.

The trial was before the court on testimony given ore tenus and while there was conflict, the weight of the evidence goes to show that, Adams departed from the course of his duty to serve his own purpose in violation of the instructions of Gilbert, the owner of the automobile, and to condemn the property would be inflicting punishment on an innocent victim. We, therefore, concur in the conclusion and holding of the trial court.

Moreover, in the absence of service of process on Slayton, made a material party by the allegations of the bill, no other course was open than for the court to dismiss the bill. Prout v. Hoge, 57 Ala. 28; Baisden v. City of Greenville, 215 Ala. 512, 514, 111 So. 2.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.