41 So.2d 295

**TITTLE et al. v. STATE.**

6 Div. 784.

Supreme Court of Alabama.

June 16, 1949.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for appellee.

SIMPSON, Justice.

Proceeding in equity to condemn as contraband an automobile used in transporting a quantity of beer in Walker, a so-called dry county.

Robert Tittle, who was using the vehicle at the time, and his wife, Evelyn, who owned it, were both made defendants to the bill. From an adverse decree condemning the car, this appeal has proceeded.

The beer bore the stamps of the Alabama Alcoholic Beverage Control Board and had been lawfully purchased in Jefferson County and unless it was being transported in Walker County for the purpose of resale, the car would not be subject to condemnation had Tittle himself owned it. General Acts 1947, p. 39, Code 1940, Cum.Supp., Title 29, § 247.

T. K. Selman and R. L. Newton, of Jasper, for appellants.

And unless Mrs. Tittle, who was shown by the undisputed proof to have purchased the automobile with her own funds and was the owner thereof, had knowledge or notice of the illegal use of the vehicle or could have, by the exercise of reasonable diligence, obtained such notice, her property should not be confiscated. The law does not contemplate the condemnation of property of those who do not aid or assist in the unlawful transportation of liquors or beverages or who are not chargeable with notice or knowledge that their property is to be used for such unlawful purpose. Commercial Nat. Bank of Anniston v. State ex rel. Dormon, 251 Ala. 409, 37 So.2d 644; State ex rel. Dorman v. Slayton, 250 Ala. 535, 35 So.2d 329; Anderson v. State ex rel. Dormon, 246 Ala. 468, 20 So.2d 864; Briscoe Motor Co. v. State, 204 Ala. 231, 85 So. 475.

Seemingly, to the end that the law against such illegal use of vehicles, etc., be effectively enforced, the statute embraced the provision "that the owner or operator of said vehicle has a reputation of being a seller of prohibited liquors shall be prima facie evidence that such liquors or beverages were being transported for resale." Act, supra.

So in the instant case it becomes necessary to consider the meaning of this proviso and its application in connection with the undisputed evidence.

Prima facie evidence is "evidence which suffices for the proof of a particular fact until contradicted or overcome by other evidence. * * * An inference or presumption of law, affirmative or negative of a fact, in the absence of proof, or until proof can be obtained or produced to overcome the inference." Black's Law Dictionary, 3d Ed., p. 700.

Ballentine's Law Dictionary defines the term as "such evidence as, in judgment of law, is sufficient to establish the fact; and, if not rebutted, remains sufficient for the purpose. In a legal sense, such prima facie evidence, in the absence of all controlling evidence, or discrediting circumstances, becomes conclusive of the fact." P. 1009.

Thus, if there was credible evidence that at the time of the alleged offense the defendant had a reputation of being a seller of prohibited liquors, the statute writes into the case an inference on which a finding may be affirmed that the liquors or beverages were being transported for resale and warrants confiscation of the vehicle, if he were the owner and no interests of third parties are involved, unless satisfactory countervailing proof is adduced to overcome such inference.

Considering the case in the light of this governing principle and with an earnest desire to dispense complete justice to all interested parties, this court in consultation has been forced to the conclusion that two weaknesses are manifest in the State's case which should forbid a condemnation of the automobile. First, the testimony against Tittle on the question of reputation was given by the officers who are seeking a condemnation of the car and will benefit by its confiscation, and when analyzed it is shown that their opinions were largely based upon some old convictions when he was found in possession of a small quantity of whisky or beer. But proof of such reputation only furnishes an inference in law to sustain the fact that he was transporting the beer for resale, which conclusion rests in considerable doubt when considered in connection with the evidence proffered in his behalf by his two physicians, who had prescribed the use of beer for his health, and who also testified of no recent reputation of having been engaged in the illegal sale of contraband beverages.

The second infirmity in the State's case, which seems to us more impelling to a result contrary to that attained by the trial court, is that no such presumption is indulged against Mrs. Tittle to warrant confiscation of her property and the testimony was uncontradicted that on the night in question she and Tittle had words in connection with his leaving the house and the use of the car and he took it against her will, she thinking he was going to visit some other woman. We are impelled to say that just because she was his wife is no reason that her property should not be subject to the same protection of the law as the property of others and, though it is easy to say that Tittle was a bootlegger and his wife knew that he was going to use

her car to haul the beer to bootleg, we are in no wise convinced that there was sufficient evidence to justify such a conclusion when weighed against the evidence proffered to rebut it. As was observed in the recent case of State ex rel. Dorman v. Slayton, 250 Ala. 536, 35 So.2d 329, supra, "to condemn the property would be inflicting punishment on an innocent victim" (or at least, we might interpolate, one not shown to be otherwise).

The condemnation statute is highly penal and when the whole evidence is considered, it seems unjust to us to approve the confiscation of Mrs. Tittle's car on the testimony of interested witnesses that her husband in years gone had been found in possession of contraband liquors, on the basis of which they say he had the reputation of being a bootlegger. Cf. Commercial Nat. Bank of Anniston v. State ex rel. Dormon, supra.

So considered, the decree of the trial court is reversed.

Reversed and rendered.

BROWN, FOSTER, and LIVINGSTON, JJ., concur.