44 So.2d 591

### BRAGG v. STATE.

4 Div. 549.

Supreme Court of Alabama.
Dec. 22, 1949.

Rehearing Denied March 9, 1950.

A. A. Carmichael, Atty. Gen., and Neil Metcalf, Asst. Atty. Gen., and Chas. O. Stokes, County Sol., of Ozark, for appellee.

Douglas Brown and Val L. McGee, of Ozark, and E. O. Griswold, of Enterprise, for appellant.

LAWSON, Justice.

The State of Alabama, by and through the deputy solicitor of Dale County, filed a complaint in the circuit court of Dale County, in equity, against J. P. Bragg, James O. Bragg, and one Mercury automobile, under the authority of § 247 et seq., Title 29, Code of 1940, as amended, and prayed for the condemnation and forfeiture of said automobile.

The Citizens Bank of Enterprise, Alabama, intervened by petition and alleged the existence of a mortgage held by it on the car.

The trial court rendered a decree of condemnation and forfeiture to the State of Alabama, subject to the balance due on the intervenor's mortgage on the automobile. From that decree the owner of the automobile, J. P. Bragg, has appealed to this court.

The evidence shows without dispute that on January 20, 1949, the appellant, the owner of the automobile, used it in transporting twenty-four and one-half pints of whiskey, over a highway in Dale County, a dry county.

But the containers of the whiskey bore the stamps of the Alabama Alcoholic Beverage Control Board. Hence the automobile is not subject to condemnation and forfeiture unless the whiskey was being transported for the purpose of resale. The last two sentences of § 247, Title 29, Code of 1940, as amended, General Acts, 1947, p. 39, 1947 Cum.Pocket Part, Title 29, p. 212, read as follows: "Provided, however, that

if said prohibited liquors or beverages shall have been purchased through the state liquor stores, or shall bear the stamp of the Alabama alcoholic beverages control board, no such conveyance, vehicle or animal shall be confiscated or forfeited unless the court shall be convinced from the evidence that said prohibited liquors or beverages were being transported for the purpose of resale, contrary to law. That the owner or operator of said vehicle has a reputation of being a seller of prohibited liquors shall be prima facie evidence that such liquors or beverages were being transported for resale."

The appellant earnestly insists that the evidence in this case is insufficient to support a finding that the said whiskey was being transported for resale and that, therefore, the trial court erred in rendering a decree of condemnation and forfeiture.

Appellant first insists that the State failed to make out a prima facie case that the whiskey was being transported for resale.

The evidence for the State in this connection is limited to the testimony of Alcoholic Beverage Control Board agent Ralph Sparks, who lived in Enterprise, where he served as a deputy sheriff and city officer before he became connected with the Alcoholic Beverage Control Board. Enterprise is the home of the appellant.

As here pertinent, the testimony of Sparks is as follows:

"Q. Do you know whether or not Mr. Bragg had the reputation of being a man who dealed in, sold or traded in illegal liquors? A. Yes, sir, Mr. Porter did.

"Q. That is J. P. Bragg? A. Yes, sir.

"Q. Then you would say that Mr. J. P. Bragg had the reputation of being a dealer in prohibited liquors or beverages? A. Yes, sir. I have helped search him and his place several times."

### On Cross-examination

"Q. What did you say his reputation was? A. Well, so far as I know personally, we had a number of complaints about him dealing in liquors.

"Q. Then your opinion is that of an officer of the law? A. Yes, and I said I have helped search him several times.

"Q. Have you ever caught him? A. We had a case against him, and it was nol prossed.

"Q. Did you ever find any liquor when you searched him? A. The time we had a case against him, yes, sir.

"Q. About how much did you find? A. About a half of a quart."

█ We are of the opinion that the evidence of the witness Sparks, together with the fact that appellant was transporting such a large quantity of whiskey in pint bottles, is sufficient to make out a prima facie case that the said whiskey was being transported for resale. The conclusion is not in conflict with our holding in Commercial National Bank of Anniston v. State ex rel. Dormon, 251 Ala. 409, 37 So.2d 644. In that case the question was whether the bank, the intervenor, was culpably negligent in failing to make inquiry as to the reputation of the owner of the car, in view of the fact that among police officers the owner had the reputation of being a bootlegger. We held that a reputation so limited was not sufficient to put the bank on notice of the intended illegal use of the car.

We do not think the holding in Commercial National Bank of Anniston v. State ex rel. Dormon, supra, has application where the sole inquiry is whether the whiskey was being transported for resale.

█ We think that under the statute (§ 247, Title 29, as amended), when the State shows that the owner or operator of the car has a reputation among law enforcement officers as a seller of prohibited liquors, a prima facie case is established that the prohibited liquor was being transported for resale.

The only evidence offered by appellant was that of an officer of the intervening bank and a next-door neighbor of appellant. The officer of the bank testified that prior to this incident he had never heard of appellant as "being a man who dealt in prohibited liquors or being a bootlegger." The other witness testified that appellant was not considered in the community where he lived as "a man who was a violator of the prohibition laws"; that he had never heard

of appellant being arrested or his premises being raided.

There was no evidence offered by appellant in way of explanation as to why he was transporting twenty-four and a half pints of whiskey in a dry county, as was shown in the case of Tittle et al. v. State, Ala.Sup., 41 So.2d 295.[1] The case last cited is also distinguishable from the instant case in that there the operator of the car was not its owner.

The evidence in this case was taken orally before the trial court, who saw and heard the witnesses. We cannot say that the finding of the trial court is palpably wrong.

The decree is affirmed.

Affirmed.

BROWN, FOSTER, and STAKELY, JJ., concur.