48 So.2d 529

**SPECK v. STATE, ex rel. KEY.**

8 Div. 547.

Supreme Court of Alabama.

Oct. 12, 1950.

Rehearing Denied Nov. 24, 1950.

———◆———

Wm. Stell and Williams & Williams, all of Russellville, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for appellee.

FOSTER, Justice.

This proceeding is for the condemnation of an automobile under section 247, Title 29, Code, as amended July 17, 1947, General Acts 1947, page 39.

Ralph Speck is the owner of the car and lives with his wife in Franklin County, Alabama. In May 1948 he, his wife and her sister, Mrs. Cook, went in the car to Sheffield in order to buy some fixtures for the house, they claimed. He was unable to find them, but there was purchased on the trip at a State liquor store nine pints of whiskey, which was transported in the car to and in Franklin County. Each of the women put two pints in her clothes and put two to three pints in her handbag. They returned to Franklin County when officers stopped them and searched for whiskey and those amounts were handed over to the officers. The whiskey was being transported in Speck's car: he was driving and knew it was there. The women paid fines the next day with money which Speck supplied. Speck had a general reputation for being a bootlegger. His home had been searched several times before for liquor: none was found, but many empty whiskey bottles and glasses smelling like liquor were found.

The trial court condemned the car on evidence taken ore tenus before him. To justify condemnation under the circumstances it is necessary under the amended statute that the court shall be convinced from the evidence that said liquor was being transported for the purpose of resale, contrary to law. It would have been contrary to law for these parties to have resold this liquor in Franklin County.

The only question of fact or law presented on this appeal and argued by counsel for appellants is whether in point of fact this liquor was transported for resale. The Act of 1947, supra, also provides that if the owner or operator of the car has the reputation of being a seller of prohibited liquors, that circumstance shall be prima facie evidence that such liquors were transported for resale. The evidence was overwhelming that Speck had such a reputation at that time, though he had not been caught or prosecuted. The purpose these parties had as to the use or disposition of this liquor is one of inference from all the circumstances. We agree with the trial court that they do not overcome the prima facie case made

by the evidence of the bad character of Speck as a bootlegger of prohibited liquor. Tittle v. State, 252 Ala. 377, 41 So.2d 295; Bragg v. State, 253 Ala. 392, 44 So.2d 591; Deerman v. State, 253 Ala. 632, 46 So.2d 410.

The decree is therefore affirmed.

Affirmed.

BROWN, LAWSON, and STAKELY, JJ., concur.