HOLMES, Judge.
The plaintiff brought suit against the defendant on an open account, account stat *757 ed, and for labor performed by the plaintiff for the defendant. The jury returned a verdict in favor of the plaintiff and against the defendant. A judgment was entered thereon and it is from this judgment that the defendant appeals.
The defendant, through able counsel, raises four issues on appeal. These issues, as we perceive them are as follows: 1. Did the trial court err to reversal in refusing defendant’s challenge for cause of a juror? 2. Did the trial court err to reversal in giving what defendant alleges to be a charge to the jury prior to the conclusion of the evidence? 3. Did the trial court in fact comment on the evidence? 4. Did the trial court err in responding to a question by a juror? We find the trial court committed no reversible error and affirm.
I
One of the jurors made known to the trial court that she had prior knowledge about the case. Thereafter, the trial court examined the juror concerning her knowledge. Specifically, the juror answered as follows:
“BY THE COURT: Mrs. Stutts, I don’t want you to answer out one way or the other about which way you think — but have you made up your mind about which way the case ought to go?
“MRS. STUTTS: No.
“BY THE COURT: Do you feel like anything anybody has said to you about— any reason you have why you could or could not reach a verdict in this case fairly?
“MRS. STUTTS: No.
“BY THE COURT: Has anybody suggested an answer to you about this lawsuit?
“MRS. STUTTS: No.”
Thereafter, the trial court denied defendant’s challenge for cause.
The law in Alabama is clear in that to justify a challenge for cause there must be a statutory ground, or some matter which imports absolute bias or favor, and leaves nothing for the discretion of the court. Competency under statute is a question of law, but in other cases is a question of fact to be determined by the trial court in the exercise of sound discretion. See Felton v. State, 46 Ala.App. 579, 246 So.2d 467 (1971).
A challenge for favor or bias is to be determined by the trial court as any other question of. fact, tried without a jury, and is reviewable on like principles. The decision of the trial court on such question founded on oral evidence is entitled to great weight and will not be interfered with unless clearly erroneous, equivalent to an abuse of discretion. See Coca-Cola Bottling Co. v. Hammac, 48 Ala.App. 60, 261 So.2d 893 (1972).
In view of the above, we find no such clear error or abuse of discretion.
II
During the course of the trial, as opposed to the conclusion of the evidence, the trial court gave what could be described as instructions on what the applicable law was as applied to the facts which were before the court at that time.
Defendant contends that Rule 51, ARCP, requires that the court instruct the jury after the arguments are completed and therefore the court’s action, as indicated above, was reversible error. We cannot agree.
Rule 51 also requires that an objection be made before the jury retires in order to assign as error the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge. No such objection was made in this instance.
This court can review error below only upon proper objection. Matters not objected to at trial cannot be raised for the first time on appeal. See Speed v. Speed, Ala.Civ.App., 341 So.2d 156 (1976).
Additionally, Rule 61, ARCP, states that no error or defect in any ruling or order or in anything done or omitted by the court is ground for modifying or disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. Here, we find no *758 such action being inconsistent with substantial justice.
Ill
Defendant next contends the trial court violated Rule 51 which prohibits the trial court from expressing its opinion of the evidence. This argument is bottomed on the following exchange:
“BY THE COURT: Just a minute, please. Now I’ve told witnesses before and I don’t care one way or the other about this case — the witness has got a right to explain their answer, but to explain their answer is to explain it, not to — well, I can’t limit the answer. But the time for argument of the case is later on, please. The witness is not limited to yes or no. The witnesses can answer yes or no, then they have a right to explain their answer if it calls for an explanation. Go ahead.
“A. I just wanted to bring out this point, sir. Yesterday Mr. Aycock went into such a length to say about the farm and how he paid his debts and I didn’t pay mine. Mr. Aycock of Ay-cock Equipment Company was handling a lot of this money — the money would come in down there, he was a partner, and naturally in partnerships, you have to have some point of doing business and have somebody you trust and depend on. And Mr. Aycock got so involved in writing checks out of-
“BY THE COURT: Just a minute, please. I don’t want to limit anybody. That .is argument and if it’s admissible as argument, we will go into that later on. Read the question, Mrs. Bridges, please, ma’am.
“BY THE COURT REPORTER: Did you and Neil Aycock receive payment from the ASCS Office for that work?
“BY THE COURT: That’s the question— you’ve got a right to explain your answer to that question, please, if you like. I don’t want to be in a position of limiting anybody, but that’s one of the purposes for a judge to sort of confine the case to the issues involved. Go ahead, please, if you would like to explain that answer as to that question.”
Quite frankly, we fail to perceive defendant’s argument regarding a violation of Rule 51, ARCP. Suffice it to say, we find no such violation of Rule 51 requiring reversal.
We would further note that no objection was made concerning the action of the court. As noted above, matters not objected to at trial cannot be raised for the first time on appeal.
IV
Defendant’s final contention is that the trial court erred to reversal in its answer to a juror’s question. The defendant alleges that he was prejudiced by the following:
“MR. GRIFFITH: Well, I just want to know in general terms. In a partnership when one partner, he has authority to commit himself or bind both partners?
“BY THE COURT: As far as it relates to the business of the partnership. The answer is yes in a restricted way, do you understand what I am saying?
“MR. GRIFFITH: All right, sir. Now let me ask you one other question — is it necessary that partners agree on that?
“BY THE COURT: Well, let me just answer it this way. If you and I are partners in the trucking business, let’s say, and you are in Nashville and we have agreed that — ahead of time that you can buy trucks or do what’s necessary to repair them, or all four tires blow out on you or something, you’d have — I can’t answer your question, but I can sort of — if it’s necessary maybe or an agreement has been made in the past. Do you understand what I am saying to you?
“MR. GRIFFITH: Yes, sir.”
We cannot say that the above statement was in fact prejudicial to the defendant. Furthermore, no objection was made to the court’s action and therefore error cannot be predicated on such answer.
*759 The above being dispositive of the issues in this case, the trial court is due to be and is affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.