J. ED TEASE, Retired Circuit Judge.
The two cases before us involve appeals by Willie George Lavender from adjudications of paternity by the circuit court after nonjury, ore tenus proceedings.
These cases were instituted by two separate complainants in the Juvenile Court of Pickens County alleging appellant to be the natural father of three children.
After the actions were filed, but before trial, appellant and the State of Alabama (through the assistant district attorney) jointly requested that “an HLA type” blood test be performed on appellant, the mothers, and the children involved. Accordingly, the juvenile court ordered the testing and “further ORDERED that the letter giving the results of such test to the Pick-ens County Department of Pensions and Security become a part of the record in this case and will be introduced into evidence without the necessity of testimony of anyone who was instrumental in performing the test.”
The three tests indicated a cumulative probability of at least 98.6% that appellant was the father of each of the three children. After trial of the cases the juvenile court found appellant to be the father of each child and ordered him to make periodic monthly support payments.
On appeal to the circuit court, appellant, for the first time, objected to the blood test results being admitted into evidence.
At each nonjury trial the objection was overruled and the results received into evidence.
Each of the complaining witnesses testified that she was engaging in sexual intercourse with appellant during the period in which conception occurred. In addition to certain other testimony, Martha Craig testified that there was “no doubt” that appellant was the father of her daughter; and Mary Hall testified that there was “no pos *502 sibility” that any man other than appellant could be the father of her twins.
After the State of Alabama rested its case, appellant-defendant offered no evidence.
These appeals follow the trial court’s adjudication of paternity and support against appellant.
Two dispositive issues are presented to us on appeal: (1) appellant contends the trial court erred in receiving the blood test results into evidence over timely objection, because (a) he had repudiated the prior stipulation, and (b) the proper predicate was not laid prior to introduction of the blood test results; (2) appellees contend the trial court’s judgment was supported by substantial evidence, notwithstanding the blood test results.
We agree with appellees’ contention and affirm.
This case was tried without a jury, and in such a case an erroneous admission of evidence, if this was erroneous, does not render a judgment reversible when the trial court’s conclusions are supported by substantial evidence. Ford v. Scott, 462 So.2d 362 (Ala.1985); Mass Appraisal Services, Inc. v. Carmichael, 404 So.2d 666 (Ala. 1981).
Substantial evidence means legal evidence. Eagle Motor Lines, Inc. v. Alabama Public Service Commission, 343 So.2d 767 (Ala.1977); North Alabama Motor Express v. Rookis, 244 Ala. 137, 12 So.2d 183 (1943).
Moreover, appellant offered no evidence to contradict or dispute appellees’ prima facie case.
"Prima facie evidence may be defined as evidence which suffices for proof of a particular fact until the fact is contradicted by other evidence. Tittle v. State, 252 Ala. 377, 41 So.2d 295 (1949). Prima facie evidence is the quantum of evidence necessary to prevent an action from being dismissed for failure to state a claim. See, J. Hazard, Civil Procedure (1978). If no other evidence is submitted to contradict the prima facie evidence, the party presenting the evidence is entitled to judgment. In other words, a prima facie case meets the party’s burden of proceeding, and if no contradictory evidence is permitted, it also meets his or her burden of proof.”
Lavett v. Lavett, 414 So.2d 907 (Ala.1982).
Based on the foregoing it is unnecessary to further discuss appellant’s contentions on appeal.
The trial court’s judgments are due to be, and are, affirmed.
The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.