INGRAM, Justice.
Lawrence L. Battiste sued CSX Transportation, Inc., under the Federal Employers’ Liability Act (FELA), 45 U.S.C. § 51 et seq. (1988), asserting that he had suffered an on-the-job injury while employed by CSX on January 5, 1987. Battiste alleged that, as he was unfastening a generator that was mounted to the bed of a truck owned by CSX, the lid to the metal box enclosing the generator closed on his hand, because the safety chain designed to hold the lid in place was broken. Battiste further alleged that, as a result of the accident, he suffered injuries to his hand and his musculo-skeletal system. The jury awarded a $150,-000 verdict for Battiste. The trial court entered a judgment on the jury’s verdict. CSX appeals.
CSX raises five issues for our consideration here. First, CSX contends that the trial court erred in admitting certain testimony that it asserts is inadmissible hearsay. CSX’s second argument is that the trial court abused its discretion in refusing to allow one of CSX’s expert witnesses to testify. CSX’s third argument is that the trial court erred in refusing to give one of CSX’s proposed jury instructions. Next, CSX raises the issue whether Battiste failed to prove a causal connection between the accident and the injuries to his neck. CSX’s final assertion is that Battiste’s own negligence was the proximate cause of his injuries and that the jury failed to consider Battiste’s contributory negligence in assessing damages.
The first issue raised by CSX is whether the trial court erred in allowing Battiste’s wife to testify as to conversations between her husband and one of his treating physicians, Dr. David N. Pate. CSX asserts that the testimony constituted hearsay and was, therefore, improperly admitted by the trial court. Battiste counters by arguing that the trial court correctly received the testimony because it was not offered for the truth of its contents, and was, therefore, not hearsay.
The record reveals that on direct examination, Mrs. Battiste was questioned about her husband’s conversation with Dr. Pate, wherein Dr. Pate asked Mr. Battiste questions regarding his medical history. Specifically, the record reveals the following colloquy:
“Q. [Plaintiff’s counsel]: Were you in the room when your husband met with Dr. Pate?
“A. Yes, I was.
“Q. Do you recall any discussions between Dr. Pate and your husband about weight lifting?
“[Defendant’s counsel]: That is a yes or no question, and I think that she is entitled to answer it that way.
“[The court]: Sustained.
*1067 “Q. Were you in there when any discussion was made about whether — about any weight lifting?
“A. Yes.
“[Plaintiff’s counsel]: They have had the opportunity to take Dr. Pate’s deposition in terms of what he said about the conversation. I think that I am entitled to let her say what she knows about it.
“[Defendant’s counsel]: It is a classic hearsay what she heard other people talk about.
“[The court]: Overruled. Overruled the objection. Go ahead, please_ Go ahead.
“Q. What do you recall about that conversation?
“A. After he had examined him he was talking about — he asked him if whether or not he had any hobbies. He had complained about the pains in his joints and things, and my husband made mention that we jogged, more or less fast walked, around the park in the afternoons, he and I. And that he had at some time lifted weights.
“Q. And do you recall there being anybody — anything said about lifting 400 pound weights?
“A. No, ma’am.”
Hearsay is defined as an out-of-court statement offered to show the truth of the matter asserted. Lavett v. Lavett, 414 So.2d 907 (Ala.1982), overruled on other grounds, McBride v. McBride, 548 So.2d 155 (Ala.1989). Simply put, hearsay evidence is what the witness says he heard another say, and such extrajudicial assertions offered to prove the truth of the assertion are inadmissible as evidence. Coca-Cola Bottling Co. v. Hammac, 48 Ala.App. 60, 261 So.2d 893 (1972). However, the rule forbids the introduction of a statement only when that statement is offered for the truth of its contents. Meriwether v. Crown Inv. Corp., 289 Ala. 504, 268 So.2d 780 (1972). Consequently, many out-of-court statements have been admitted based upon the rationale that such statements are admitted for some purpose other than to prove the truth of the statements. See, e.g., Bryant v. Moss, 295 Ala. 339, 329 So.2d 538 (1976).
In the present case, we find that Mrs. Battiste’s testimony was properly admitted into evidence by the trial court. It is clear that Mrs. Battiste’s testimony was not offered to prove that her husband had experienced pain in his joints, or that Battiste and his wife jogged, or that Battiste had lifted weights at some point in time; rather, Mrs. Battiste’s testimony was offered merely for the purpose of showing that she did not recall Battiste’s having expressed to Dr. Pate anything related to his having engaged in weight lifting activities since the accident. Therefore, we conclude that Mrs. Battiste’s testimony was not hearsay and was properly received into evidence by the trial court.
CSX’s next argument is that the trial court abused its discretion in refusing to allow an expert witness for CSX to testify. The trial court ruled that Dr. Gary Hunter, a professor of exercise physiology at the University of Alabama at Birmingham, could not testify because CSX had not notified Battiste’s counsel, until a few days before the trial began, that Dr. Hunter might be called as a witness.
Rule 26(e)(1), A.R.Civ.P., provides:
“A party is under a duty seasonably to supplement his response with respect to any question directly addressed to ... the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.”
Furthermore, this Court has held that whether to allow or to refuse testimony of an expert witness or of any witness who has not been previously designated through discovery is within the sound discretion of the trial court. For example, in Electrolux Motor AB v. Chancellor, 486 So.2d 414 (Ala.1986), this Court found no abuse of discretion in the trial court’s refusal to allow the defendant’s expert witness to testify, where the defendant had previously stated, in response to an interrogatory, that it would call an expert, but the plaintiff never received a court-ordered *1068 witness list and the defendant did not supplement its answer to the interrogatory after deciding who would be used as its expert witness. Also, in Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142 (Ala.1987), this Court found no abuse of discretion by the trial court in its refusal to allow testimony by two of the defendant’s expert witnesses because the defendant had failed to disclose them as experts to be used at trial or to specify their opinions in response to the plaintiff's Rule 26 discovery request.
Here, the record reveals that as part of his pretrial discovery, Battiste filed an interrogatory wherein he requested from CSX the names of each person that CSX expected to call as an expert witness at trial. Battiste further requested that CSX reveal the subject matter upon which the experts listed were to testify and the subject matter of the facts and opinions expected to be given by the expert witnesses, along with a summary of the grounds for each opinion. In response to Battiste’s interrogatory, CSX answered that the information requested was unknown at the time the answer was filed, but that the answer would be supplemented prior to trial. Although CSX sent Battiste’s counsel a letter several days before trial, informing them that Dr. Hunter “may” testify, CSX never supplemented its original answer to Bat-tiste’s interrogatories.
The Alabama Rules of Civil Procedure placed upon CSX the burden of supplementing its answer when it decided who would be its expert witness at trial. The record clearly reveals that CSX did not meet this burden with regard to Dr. Hunter. Therefore, we find no abuse of discretion in the trial court’s refusal to allow CSX’s expert, Dr. Hunter, to testify.
The third issue raised by CSX is whether the trial court erred in refusing to give a certain jury instruction requested by CSX. Although the trial court gave a number of CSX’s proposed jury instructions, several were refused, among which was proposed instruction number 16. CSX’s proposed jury instruction number 16 stated: “When two causes of an occurrence are equally probable, the jury cannot, as a matter of law find the defendant liable.” CSX maintains that the trial court’s refusal to instruct the jury according to proposed instruction number 16 was reversible error.
In support of proposed instruction number 16, CSX cited Maddox v. Ennis, 274 Ala. 229, 147 So.2d 788 (1962); City of Bessemer v. Clowdus, 261 Ala. 388, 74 So.2d 259 (1954); and Britling Cafeteria Co. v. Naylor, 254 Ala. 84, 47 So.2d 187 (1950), to the trial court. The trial court found those cases inapplicable. After examining each of these cases, we also find that they do not stand for the proposition for which they are offered; rather, all three cases hold that proof going no further than to show that an injury could have occurred in an alleged way does not warrant the conclusion that it did so occur, where, from the same proof, the injury can, with equal probability, be attributed to some other cause.
Furthermore, in City of Bessemer, supra, this Court, after setting out the theory noted in the previous paragraph, specified that if there is evidence pointing to any one theory of causation, indicating a logical sequence of cause and effect, then there is a juridical basis for the determination of liability, notwithstanding the existence of other plausible theories that may or may not be supported by the evidence. Therefore, under the facts of this case, we find no error in the trial court’s refusal of CSX’s proposed jury instruction number 16.
The penultimate argument made by CSX is that the evidence introduced at trial was insufficient to prove a causal connection between Battiste’s accident and his subsequent neck pain. CSX argues that the evidence went no further than to show the mere possibility that the accident caused Battiste’s neck injury.
At the outset, we note that to constitute actionable negligence, there must be a causal connection between the negligence complained of and the injury suffered. Mobile City Lines, Inc. v. Proctor, 272 Ala. 217, 130 So.2d 388 (1961). Furthermore, the negligent act must be the proximate cause of the injury. Vines v. Plantation Motor Lodge, 336 So.2d 1338 (Ala.1976); City of Mobile v. Havard, 289 Ala. 532, 268 So.2d 805 (1972).
*1069 In the present case, we find ample evidence in the record to support the jury’s finding that Battiste’s neck pain was the result of the accident that occurred while he was on the job with CSX. For example, Battiste, in describing the way in which the accident occurred, testified that as he jerked back to avoid the falling lid, he felt a “pop in [his] neck and a pinge [sic] that sounded like a piano wire.” In describing the accident a second time, Battiste stated, once again, that he remembered feeling a pop in his neck and feeling that something had broken.
Furthermore, Battiste testified that a few days after the accident occurred, he informed his first treating physician, Dr. Steve Weinstein, that he was experiencing pain in his hand going up his arm and shoulders and into his neck. Battiste further testified that Dr. Weinstein thereafter referred him to Dr. Gilbert Holland, an orthopedic surgeon. Dr. Holland testified that a jerking movement in a kneeling position with one’s back bent and head leaning over, like that Battiste described, would be a traumatic incident that could result in the degenerative disc changes that he had diagnosed in Battiste’s neck.
In view of the above evidence in the record, we find no merit in CSX’s assertion that Battiste failed to present evidence establishing a causal connection between the accident and his neck pain.
The last argument made by CSX is that Battiste’s contributory negligence proximately caused his injury and that the jury failed to consider his contributory negligence in assessing damages. CSX maintains that Battiste knew that the safety chain designed to hold the lid of the generator cover open was broken and that he was negligent in not using a makeshift bar that had been placed by the generator to hold the lid up. CSX asserts that a prudent employee would have used the bar instead of resting the lid to the generator box against the cab of the truck.
Battiste’s claim was brought under the FELA, which states in pertinent part:
“Every common carrier by railroad ... shall be liable in damages to any person suffering injury while he is employed by such carrier ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its ... appliances, machinery ... or other equipment.”
45 U.S.C. § 51 (1988). Another section of the FELA provides for the application of the doctrine of comparative negligence in cases brought pursuant to the Act:
“[T]he fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee.... ”
45 U.S.C. § 53 (1988).
While there is evidence in the record through almost every witness that the safety chain was broken at the time of Battiste’s injury, the jury also had before it testimony that a bar was normally located near the generator box and that Battiste had used the bar before to hold open the lid to the generator box, but that Battiste was not using the bar at the time of the accident. The record further reveals that the trial court properly instructed the jury as to the concept of contributory negligence as it relates to actions under the FELA and that, in spite of Battiste’s request for $350,-000 in damages, the jury returned a general verdict for Battiste for $150,000.
Although CSX has pointed out evidence indicating that Battiste was contributorily negligent, CSX has not drawn this Court’s attention to anything in the record indicating that the jury did not take Battiste’s negligence into consideration in reaching its verdict. Therefore, we find no impropriety in the jury’s verdict in this case.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.